CV 15 80 060 MISC

FILED 2015 FEB 10 P 2:25

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TOTAL WEALTH MANAGEMENT, INC. and JACOB KEITH COOPER,<br><br>Defendants. | Case No. 15-cv-226 BAS (DHB)<br><br>**STIPULATION AND TEMPORARY RESTRAINING ORDER AND ORDERS (1) FREEZING ASSETS; (2) PROHIBITING THE DESTRUCTION OF DOCUMENTS; (3) GRANTING EXPEDITED DISCOVERY; (4) REQUIRING ACCOUNTINGS; (5) APPOINTING A TEMPORARY RECEIVER, AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION AND APPOINTMENT OF A PERMANENT RECEIVER** |

This matter came before the Court upon the Application of Plaintiff Securities and Exchange Commission ("SEC") for a Temporary Restraining Order and Orders (1) Freezing Assets; (2) Prohibiting the Destruction of Documents; (3) Granting Expedited Discovery; (4) Requiring Accountings; and (5) Appointing a Temporary Receiver, and Order to Show Cause Re Preliminary Injunction and Appointment of a Permanent Receiver (the "TRO Application"). ECF 3.

Defendants Total Wealth Management, Inc. and Jacob Keith Cooper, having

been provided with notice of this action, and without admitting or denying the allegations in the Complaint, have agreed to stipulate to the entry of this Temporary Restraining Order and other relief ("Order"). ECF 4. Accordingly, the Court **GRANTS** the stipulated temporary restraining order (ECF 4).

The Court, having considered the SEC's Complaint, the TRO Application, the supporting Memorandum of Points and Authorities, the supporting declarations and exhibits, and the other evidence and argument presented to the Court, and the stipulation and consent of Defendants Total Wealth Management, Inc. and Jacob Keith Cooper, finds that:

A. This Court has jurisdiction over the parties to, and the subject matter of, this action.

B. The SEC has made a sufficient and proper showing in support of the relief granted herein, as required by Section 209(d) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-9(d), by evidence establishing a *prima facie* case and reasonable likelihood that Defendants Total Wealth Management, Inc. ("Total Wealth") and Jacob Keith Cooper ("Cooper") have engaged in, are engaging in, are about to engage in, and will continue to engage in unless restrained transactions, acts, practices and courses of business that constitute violations of Sections 206(1), (2), and (4) of the Advisers Act, 15 U.S.C. §§ 80b-6(1), (2), and (4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8.

C. Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants will dissipate, conceal, or transfer assets which could be the subject to an order directing disgorgement or the payment of civil money penalties in this action. It is appropriate for the Court to issue this Temporary Restraining Order *ex parte* so that prompt service on appropriate financial institutions can be made, thus

        preventing the dissipation of assets.

D.    Good cause exists to believe that, unless restrained and enjoined by order of this Court, Defendants may alter or destroy documents relevant to this action.

E.    Good cause exists to believe that expedited discovery is necessary.

## I.

IT IS HEREBY ORDERED that the SEC's TRO Application is GRANTED.

## II.

IT IS FURTHER ORDERED that Defendants Total Wealth Management, Inc. and Jacob Keith Cooper, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

A.    with scienter, employing devices, schemes or artifices to defraud clients or prospective clients; or

B.    engaging in transactions, practices, or courses of business which operated as a fraud or deceit upon clients or prospective clients;

in violation of Sections 206(1) and (2) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) and (2).

## III.

IT IS FURTHER ORDERED that Defendants Total Wealth Management, Inc. and Jacob Keith Cooper, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, while acting as an investment adviser to a

|  |  |
|---|---|
| 1 | pooled investment vehicle, by the use of any means or instrumentality of interstate |
| 2 | commerce, |

     A.    making untrue statements of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which there were made, not misleading, to any investor or prospective investor in the pooled investment vehicle; or

     B.    engaging in acts, practices, or courses of business that are fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle;

in violation of Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8.

## IV.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants Total Wealth Management, Inc. and Jacob Keith Cooper, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert with them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims or other real or personal property, including any notes or deeds of trust or other interest in real property, wherever located, of any one of the Defendants, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them and from transferring, encumbering dissipating, incurring charges or cash advances on any debit or credit card of the credit arrangement of any one of the Defendants, or their subsidiaries and affiliates.

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the SEC to be heard) in all accounts at any bank, financial institution or brokerage firm, or third-payment payment processor, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants Total Wealth Management, Inc. and Jacob Keith Cooper, including but not limited to the accounts listed below:

| Account Name | Bank Name | Account Number |
| --- | --- | --- |
| Total Wealth Management, Inc. | Wells Fargo | xxxxx-2232 |
| Total Wealth Management, Inc. | Wells Fargo | xxxxx-6979 |
| Total Wealth Management, Inc. | Wells Fargo | xxxxx-3195 |
| Total Wealth Management, Inc. | Wells Fargo | xxxxx-7027 |
| Total Wealth Management, Inc. | Navy Federal Credit Union | xxxxx-6443 |
| Total Wealth Management, Inc. | Navy Federal Credit Union | xxxxx-2808 |
| Jacob Keith Cooper<br>Joint owner – Kristen F. Cooper | Navy Federal Credit Union | xxxxx-7712 |
| Jacob Keith Cooper<br>Joint owner – Kristen F. Cooper | Navy Federal Credit Union | xxxxx-7100 |
| Jacob Keith Cooper<br>Joint owner – Kristen F. Cooper | Navy Federal Credit Union | xxxxx-3700 |
| Pinnacle Wealth Group, Inc. | Wells Fargo | xxxxx-6961 |
| Pinnacle Wealth Group, Inc. | Wells Fargo | xxxxx-2544 |
| Pinnacle Wealth Group, Inc. | Navy Federal Credit Union | xxxxx-0541 |
| Pinnacle Wealth Group, Inc. | Navy Federal Credit Union | xxxxx-5757 |
| Altus Capital Management, LLC | Wells Fargo | xxxxx-9643 |
| Altus Capital Management, LLC | Wells Fargo | xxxxx-6716 |

| Account Name | Bank Name | Account Number |
|---|---|---|
| Altus Capital Opportunity Fund, LP | Wells Fargo | xxxxx-9076 |
| Altus Capital Opportunity Fund, LP | Wells Fargo | xxxxx-5066 |
| Altus Capital Opportunity Fund, LP | Wells Fargo | xxxxx-2285 |
| Altus Capital Opportunity Fund, LP | Wells Fargo | xxxxx-7823 |
| Altus Conservative Portfolio Series | Wells Fargo | xxxxx-7001 |
| Altus Conservative Portfolio Series | Wells Fargo | xxxxx-6146 |
| Altus Conservative Portfolio Series | Wells Fargo | xxxxx-2254 |
| Altus Growth Portfolio Series | Wells Fargo | xxxxx-7035 |
| Altus Growth Portfolio Series | Wells Fargo | xxxxx-6161 |
| Altus Income Portfolio Series | Wells Fargo | xxxxx-7019 |
| Altus Income Portfolio Series | Wells Fargo | xxxxx-6310 |
| Altus Income Portfolio Series | Wells Fargo | xxxxx-6120 |
| Altus Moderate Growth Portfolio | Wells Fargo | xxxxx-6995 |
| Altus Moderate Growth Portfolio | Wells Fargo | xxxxx-6138 |
| Altus Moderate Growth Portfolio | Wells Fargo | xxxxx-2270 |
| Altus Moderate Growth Portfolio | Wells Fargo | xxxxx-0008 |
| Altus Moderate Portfolio Series | Wells Fargo | xxxxx-7027 |
| Altus Moderate Portfolio Series | Wells Fargo | xxxxx-7540 |
| Altus Moderate Portfolio Series | Wells Fargo | xxxxx-2296 |
| Altus Moderate Portfolio Series | Wells Fargo | xxxxx-6153 |

Any bank, financial institution or brokerage firm, or third-party payment processor holding such monies and assets described above shall hold and retain within their control and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets except as otherwise ordered by this Court.

## VI.

IT IS FURTHER ORDERED that, within ten days from the date of this Order, Defendants Total Wealth Management, Inc. and Jacob Keith Cooper, any bank, financial institution or brokerage firm, and each of them, shall transfer to the

registry of this Court assets, funds and other property held in foreign locations in the name of any Defendant, or for the benefit or under the direct or indirect control of any of them, or over which any of them exercises control or signatory authority, that is equal to the value of all funds transferred by U.S. investors, whether by wire transfer, third-party payment processor or otherwise, at the direction of either Defendants or any of their agents, representatives or accredited advisors.

///

## VII.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, each of the Defendants Total Wealth Management, Inc. and Jacob Keith Cooper, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants Total Wealth Management, Inc. and Jacob Keith Cooper.

## VIII.

IT IS FURTHER ORDERED that Defendants Total Wealth Management, Inc. and Jacob Keith Cooper, within five days of the issuance of this Order, shall prepare and deliver to the SEC a detailed and complete schedule of all of their personal assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, and other accounts identified by institution, branch address and account number. The accounting shall include a description of the sources of all

such assets. Such accounting shall be filed with the Court and a copy shall be delivered to the SEC to the attention of David J. Van Havermaat, Trial Counsel. After completion of the accounting, each of the Defendants shall produce to the SEC at a time agreeable to the SEC, all books, records and other documents supporting or underlying their accounting.

## IX.

IT IS FURTHER ORDERED that any person who receives actual notice of this Order by personal service or otherwise, and who holds, possesses or controls assets exceeding $5,000 for the account or benefit of any one of the Defendants, shall within 5 days of receiving actual notice of this Order provide counsel for the SEC with a written statement identifying all such assets, the value of such assets, or best approximation thereof, and any account numbers or account names in which the assets are held.

## X.

IT IS FURTHER ORDERED that the SEC's application for expedited discovery concerning Defendants, their assets and activities, is granted and that, commencing with the time and date of this Order, in lieu of the time periods, notice provisions, and other requirements of Rules 26, 30, 33, 34, 36, and 45 of the Federal Rules of Civil Procedure and the corresponding Local Rules of this Court, discovery shall proceed as follows:

(A) Pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the SEC may take depositions upon oral examination on two days' notice of any such deposition. Depositions may be taken Monday through Saturday. As to the Defendants, and their agents, servants, promoters, employees, brokers, associates, and any person who transferred money to or received money from the bank accounts identified above, the SEC may depose such witnesses after serving a deposition notice by facsimile, hand or overnight courier upon such individuals, and without serving a subpoena on such witness. Depositions that have not been signed by the

witness may be used for purposes of the hearing on the SEC's application for preliminary injunction.

    (B)    Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, each Defendant shall answer the SEC's interrogatories within three days of service of such interrogatories upon Defendant.

    (C)    Pursuant to Rule 34(b) of the Federal Rules of Civil Procedure, each Defendant shall produce all documents requested by the SEC within three days of service of such request, with production of the documents made to David J. Van Havermaat, U.S. Securities and Exchange Commission, 444 S. Flower St., Suite 900, Los Angeles, California 90071, or such person or place as counsel for the SEC may direct in writing.

    (D)    Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, each Defendant shall respond to the SEC's requests for admissions within three days of such requests; and

    (E)    All written responses to the SEC's requests for discovery under the Federal Rules of Civil Procedure shall be delivered by hand or overnight courier to the SEC to the attention of David J. Van Havermaat, U.S. Securities and Exchange Commission, 444 S. Flower St., Suite 900, Los Angeles, California 90071, or such other place and person as counsel for the SEC may direct in writing.

## XI.

IT IS FURTHER ORDERED that Kristen A. Janulewicz is appointed as temporary receiver of Defendant Total Wealth Management, Inc., and its subsidiaries and affiliates, including but not limited to Altus Capital Management, LLC, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of Defendant Total Wealth Management, Inc., and its subsidiaries and affiliates, and that such

receiver is immediately authorized, empowered and directed:

    A.    to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by Defendant Total Wealth Management, Inc., and its subsidiaries and affiliates, with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property (including access to and taking custody, control, and possession of all such Defendant Total Wealth Management, Inc. property, and that of their subsidiaries and affiliates);

    B.    to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, including all accounts at any bank, title company, escrow agent, financial institution or brokerage firm (including any futures commission merchant) which has possession, custody or control of any assets or funds of Defendant Total Wealth Management, Inc., and its subsidiaries and affiliates, or which maintains accounts over which Defendant Total Wealth Management, Inc., and its subsidiaries and affiliates, and/or any of its employees or agents have signatory authority;

    C.    to conduct such investigation and discovery as may be necessary to locate and account for all of the assets of or managed by Defendant Total Wealth Management, Inc., and its subsidiaries and affiliates, and to engage and employ attorneys, accountants and other persons to assist in such investigation and discovery;

    D.    to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets of or managed by Defendant Total Wealth Management,

|  |  |
|---|---|
|  | Inc., and its subsidiaries and affiliates; |
| E. | to make an accounting, as soon as practicable, to this Court and the SEC of the assets and financial condition of Defendant Total Wealth Management, Inc., and to file the accounting with the Court and deliver copies thereof to all parties; |
| F. | to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter received by him or her, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as temporary receiver; |
| G. | to employ attorneys, accountants, and others to investigate and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature which may now or hereafter exist as a result of the activities of present or past employees or agents of Defendant Total Wealth Management, Inc., and its subsidiaries and affiliates; and |
| H. | to have access to and monitor all mail, electronic mail, and video phone of the entities in receivership in order to review such mail, electronic mail, and video phone which he or she deems relates to their business and the discharging of his or her duties as temporary receiver. |

## XII.

IT IS FURTHER ORDERED that Defendant Total Wealth Management, Inc., its subsidiaries and affiliates, including all of the other entities in receivership, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the temporary receiver.

## XIII.

IT IS FURTHER ORDERED that no officer, agent, servant, employee or attorney of Defendant Total Wealth Management, Inc. shall take any action or purport to take any action, in the name of or on behalf of Defendant Total Wealth Management, Inc., without the written consent of the temporary receiver or order of this Court.

## XIV.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors and all other persons or entities seeking relief of any kind, in law or in equity, from Defendant Total Wealth Management, Inc., or its subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group or other person, including sheriffs, marshals, servants, agents, employees and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

A. commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the SEC or any other action by the government) against any of them;

B. using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of Defendant Total Wealth Management, Inc.; and

C. doing any act or thing whatsoever to interfere with taking control, possession or management by the temporary receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of Defendant Total Wealth Management, Inc., or in

any way to interfere with or harass the temporary receiver or his or her attorneys, accountants, employees, or agents or to interfere in any manner with the discharge of the temporary receiver's duties and responsibilities hereunder.

### XV.

IT IS FURTHER ORDERED that Defendant Total Wealth Management, Inc., and its subsidiaries, affiliates, officers, agents, servants, employees and attorneys, shall cooperate with and assist the temporary receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the temporary receiver or his or her attorneys, accountants, employees or agents, in the conduct of the temporary receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the temporary receiver of the funds, assets, collateral, premises, and choses in action described above.

### XVI.

IT IS FURTHER ORDERED that Defendant Total Wealth Management, Inc., and its subsidiaries and affiliates, shall pay the costs, fees and expenses of the temporary receiver incurred in connection with the performance of his or her duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the temporary receiver to assist him or her in carrying out his or her duties and obligations. All applications for costs, fees, and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as salaries, rent, and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

### XVII.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the temporary receiver. Except for an act of gross

negligence, the temporary receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the temporary receiver in connection with the discharge of his or her duties and responsibilities.

### XVIII.

IT IS FURTHER ORDERED that representatives of the SEC and any other government agency are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Defendant Total Wealth Management, Inc., and the other entities in receivership, and continuing access to inspect their funds, property, assets and collateral, wherever located.

### XIX.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall expire at 1:30 p.m. on February 13, 2015 unless for good cause shown it is extended or the parties against whom it is directed consent that it may be extended for a longer period.

### XX.

IT IS FURTHER ORDERED that at 8:30 a.m. on February 13, 2015, or as soon thereafter as the parties may be heard, the Defendants, and each of them, shall appear before the Honorable Cynthia Bashant, Judge of the United States District Court for the Southern District of California, to show cause, if there be any, why a preliminary injunction should not be granted. Any declarations, affidavits, points and authorities, or other submissions in support of, or in opposition to, the issuance of such an Order shall be filed with the Court and delivered to the David J. Van Havermaat, U.S. Securities and Exchange Commission, 444 S. Flower St., Suite 900, Los Angeles, California 90071, and the offices of the Defendants or their attorneys no later than 5:00 p.m. on February 7, 2015. Any reply papers shall be filed with the Court and delivered to opposing counsel no later than 5:00 p.m. on

February 11, 2015.

## XXI.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

## XXII.

In light of the parties' stipulation to a temporary restraining order (ECF 4) the Court **TERMINATES** as **MOOT** Defendant's *ex parte* application (ECF 3).

**IT IS SO ORDERED.**

Dated: February 4, 2015

*Cynthia Bashant*
Hon. Cynthia Bashant
United States District Judge

I hereby attest and certify on 2/5/15
That the foregoing document is a full, true and correct copy of the original on file in my office and in my legal custody.
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By _____ Deputy

— 15 —

15-cv-226 BAS (DHB)